UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IGNACIO MENDOZA, on behalf of himself
and others similarly situated,

Plaintiff,

– against –

LA PALA, LLC, doing business as LA
PALA RESTAURANT, EDENA
BARRETO, and LUIGI PALAZZO,
individually,

Defendants.

**OPINION AND ORDER**

15 Civ. 7970 (ER)

Ramos, D.J.:

Plaintiffs Ignacio Mendoza, Eduardo Lograno, and Samuel Huitzil ("Plaintiffs") brought

the above-captained action against Defendants claiming violations of the Fair Labor Standards

Act ("FLSA") for Defendants' failure to pay overtime wages.  *See* Doc. 1; Doc. 25.  Plaintiff has

submitted an application for the Court to approve the parties' Settlement Agreement and General

Release ("Agreement").  Doc. 73.

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the

approval of the district court or the Department of Labor.  *See Cheeks v. Freeport Pancake*

*House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  The parties therefore must satisfy the Court that

their agreement is "fair and reasonable."  *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015

WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015).  The Court approves the Agreement for the

reasons described below.

"In order to evaluate the fairness of a proposed settlement, the parties must provide the

court with enough information to evaluate 'the bona fides of the dispute.'"  *Gaspar v. Pers.*

*Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015).

The Court's inquiry into the substantive reasonableness of a FLSA settlement requires the parties

to submit, among other things, a comparison of the range of possible damages with the final

settlement amount, and an explanation of the case-specific litigation risks and other factors that

justify the discrepancy between the potential value of the claims and the settlement amount, if

any.  *See, e.g.*, *Jesus v. PS Bros. Gourmet*, No. 15 Civ. 99 (WHP), 2015 WL 9809999, at *1

(S.D.N.Y. Dec. 18, 2015) (approving FLSA settlement where plaintiff submitted "a detailed

breakdown of the total damages assessed for minimum wage, overtime, and spread-of-hours

violations; New York and federal liquidated damages; interest; and pay stub violation"); *Meza v.

317 Amsterdam Corp.*, No. 14 Civ. 9007 (VSB), 2015 WL 9161791, at *1 (S.D.N.Y. Dec. 14,

2015) (approving settlement after parties "submitted a letter detailing why they believe the

settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable").

The Agreement provides for a total settlement of $18,000, which is to be held by counsel

for the corporate defendant, and tendered to counsel for Plaintiffs within ten (10) days of

approval by the Court.  Doc. 73-1 ("Agreement") ¶ 2.  Counsel for Plaintiffs, Cilenti & Cooper

PLLC, shall retain one third ($6,000) as legal fees, and the remaining two thirds of the settlement

sum shall be distributed to Plaintiffs in proportionate amounts to their alleged damages as

follows:  $3,000 each to Samuel Huitzil and Eduardo Lograno; and $6,000 to Ignacio Mendoza.

*Id.*

The Court is satisfied that the parties have adequately justified the dollar amounts

constituting the settlement.  In conjunction with a previous motion for default judgment,

Plaintiffs itemized the damages as follows:

2

- For Plaintiff Mendoza, Plaintiffs aver that he is owed $22,369.13 in lost wages and $17,779.14 in liquidated damages, for a total of $40,148.27.  Doc. 56-9.

- For Plaintiff Lograno, Plaintiffs aver that he is owed $11,321.27 in lost wages and $11,321.27 in liquidated damages, for a total of $22,642.54.  Doc. 56-10.

- For Plaintiff Huitzil, Plaintiffs aver that he is owed $12,471.26 in lost wages and $10,842.18 in liquidated damages, for a total of $23,313.43.  Doc. 56-11.

The Court finds that the explanation of how the payments have been reduced to account for litigation risks is reasonable.  Plaintiffs agreed to compromise the case based on external factors such as the insolvency of the corporate entity and anticipated collection problems.  Doc. 73 at 2.  Moreover, Plaintiffs have reviewed the financial records of the corporate Defendant and proof of other debts and confirmed that the restaurant is now closed.  *Id.*  Additionally, the parties engaged in extensive arms-length settlement discussions, including multiple conferences with the Magistrate Judge.  *Id.*  Moreover, the distribution of the settlement sums to Plaintiffs in proportionate amounts to their alleged damages is reasonable in light of Plaintiff Mendoza's greater alleged damages.

Regarding the reasonableness of attorneys' fees requested, the Court looks to "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case–which creates a presumptively reasonable fee."  *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)).  Under the proposed Agreement, Plaintiff's attorneys will retain $6,000 in attorneys' fees and costs.  Agreement ¶ 2.[1] In line with the requirements for FLSA settlement approval in this Circuit, Plaintiffs' counsel has

---

[1] This total amounts to one third of the overall settlement, per the retainer agreement between counsel and Plaintiffs. "One-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015).

submitted billing records detailing the type of work performed so that the Court may calculate

reasonable fees under the "lodestar" method.  *See Garcia v. Jambox, Inc.*, No. 14 Civ. 3504

(MHD), 2015 WL 2359502, at \*6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request

entails submitting contemporaneous billing records documenting, for each attorney, the date, the

hours expended, and the nature of the work done.  That requirement extends to parties seeking

approval of a settlement that allocates a portion of the proceeds to the attorney."); *see also*

*Beckert*, 2015 WL 8773460, at \*2 (evaluating the reasonableness of plaintiff's request for fees of

one third of the settlement amount by reviewing the reasonable hours worked multiplied by

reasonable hourly rates, *i.e.* the lodestar method).

Here, Plaintiffs submitted billing records detailing $27,285 for work incurred in the

prosecution of this case over a period of almost two years.  *See* Doc. 56-12.  This work included

drafting and filing the complaint, drafting and responding to discovery requests, preparing for

and attending settlement conferences with Magistrate Judge Freeman, preparing and filing an

order to show cause for default, attending court conferences, and preparing damage calculations,

plus the various costs related to filing the lawsuit.  *See id.*  Based on the work performed, the

Court finds that the requested attorneys' fees and costs of $6,000 are objectively reasonable.

In terms of the non-monetary provisions, the Court finds all of them to be fair and

reasonable.

The Agreement, attached as Exhibit 1 to Doc. 73, is SO ORDERED.  The Amended

Complaint, Doc. 25, is dismissed with prejudice.  The Clerk of the Court is respectfully directed

to close the case.

It is SO ORDERED.

Dated:   August 7, 2017
         New York, New York

                                                   _____
                                                Edgardo Ramos, U.S.D.J.